# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2509

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Thomas Michael Martin, | * | Northern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: May 15, 2008
Filed: May 19, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Michael Martin challenges the within-Guidelines-range prison sentence the district court[1] imposed after he pleaded guilty to two counts of possessing and attempting to possess child pornography after a prior conviction for a sexual-abuse crime, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The court sentenced Martin to consecutive sentences of 172 months on the first count and 120 months on the second count, for a total of 292 months in prison. Martin argues that his prison sentence is unreasonable because (1) his prior conviction for improper contact with

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

a child resulted in an unduly harsh punishment, especially given his age; (2) the court may have believed a higher "career offender-type" sentence was warranted based upon some of his past convictions; and (3) his total sentence on both counts of conviction should have been limited by the 20-year statutory maximum because his criminal conduct was "more in the nature of one ongoing wrong."

We conclude that the district court did not abuse its discretion in sentencing Martin at the bottom of his undisputed advisory Guidelines range. Nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or committed a clear error of judgment in weighing appropriate factors. See 18 U.S.C. § 3553(a) (factors to consider in imposing sentence); United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007) (abuse-of-discretion standard of review); United States v. Haack, 403 F.3d 997, 1003-04 (8th. Cir. 2005) (listing circumstances that may constitute abuse of discretion); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (approving appellate presumption of reasonableness for sentences within Guidelines range). Further, nothing in the record indicates the court treated Martin as a career offender. Rather, the court properly considered Martin's past convictions in determining a reasonable sentence. See 18 U.S.C. § 3553(a)(1) (directing court to consider history and characteristics of defendant). Finally, there is no merit to Martin's argument that the court should have treated his offenses as one crime for sentencing purposes. He pleaded guilty to two separate child-pornography counts and stipulated to possessing multiple disks containing pornographic images of children. See United States v. Planck, 493 F.3d 501, 503-05 (5th Cir. 2007) (affirming conviction on three separate counts of possessing child pornography under § 2252A(b)(5)(B) where images were found in three different places: desktop computer, laptop computer, and diskettes); Swepston v. United States, 289 F.2d 166, 168 (8th Cir. 1961) (right to impose consecutive sentences for separate counts is inherent in federal courts); see also U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment,

sentence imposed on other counts shall run consecutively to extent necessary to produce combined sentence equal to total punishment).

Accordingly, the judgment is affirmed.

_____