# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2841

_____

United States of America,      *
    *
      Appellee,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Northern District of Iowa.
Denny Hinkeldey,     *
    *
      Appellant.     *

_____

Submitted: April 15, 2010
Filed: December 6, 2010

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Denny Hinkeldey was convicted of six counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced Hinkeldey to 210 months' imprisonment. Hinkeldey appeals his sentence, arguing that he was subjected to multiple punishments for the same criminal offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Northern District of Iowa.

## I.

In September 2007, an Iowa law enforcement agent monitoring the Internet for illegal activity discovered several child pornography files that he traced to a computer owned by Hinkeldey. Officers executed a search warrant at Hinkeldey's residence, and found the computer, numerous computer disks, and a zip drive. Forensic examination of the seized items revealed more than 1,500 suspected child pornography images and videos.

The examination also showed that LimeWire, a file-sharing software program that allows users to receive and distribute files over the Internet, was installed on the computer in July 2007. LimeWire's sharing function was activated, meaning that other users of the file-sharing network could access the child pornography files stored on Hinkeldey's computer. The zip drive and several of the computer disks contained 116 child pornography files that were also found on the computer.

In an interview with law enforcement after the search of his residence, Hinkeldey admitted that he searched for and viewed child pornography on different occasions using the LimeWire program. He also admitted that he transferred child pornography from the computer to the computer disks, and that he had kept some of the child pornography files for as long as eighteen months. One of the computer disks was found to contain illicit images that were transferred to the disk in February 2006, before the LimeWire program was installed on the seized computer.

A grand jury returned an indictment in March 2008 charging Hinkeldey with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and six counts of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The indictment charged one possession count each for the computer, the zip drive, and the four computer disks that contained child pornography. Before trial, the government dismissed the count alleging receipt of child

pornography. In February 2009, a jury found Hinkeldey guilty of all six possession counts charged in the indictment.

At sentencing, the district court calculated an advisory guideline range of 210 to 262 months' imprisonment for each count. The statutory maximum sentence for each count, however, is 120 months' imprisonment. Over Hinkeldey's objection, the court applied USSG § 5G1.2(d), which calls for consecutive sentencing in a multiple-count case when necessary to achieve a total punishment within the advisory range. The court imposed concurrent sentences of 120 months' imprisonment for the five counts stemming from the illegal files on the computer and the four computer disks, and a consecutive sentence of 90 months' imprisonment for the count associated with illegal files on the zip drive. This resulted in a total sentence of 210 months' imprisonment, which was the bottom of the advisory range.

II.

On appeal, Hinkeldey asserts that the six possession counts listed in the indictment are multiplicitous because they charge the same crime. He argues that the indictment resulted in more than one sentence for a single offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. Hinkeldey contends that his convictions should be reversed, and that the district court should be directed to enter judgment on and resentence him for a single conviction for possession of child pornography, with a statutory maximum sentence of 120 months.

Hinkeldey did not raise a claim of multiplicity until after the trial was concluded. Federal Rule of Criminal Procedure 12(b)(3) specifies that "a motion alleging a defect in the indictment" must be made before trial. *United States v. Shephard*, 4 F.3d 647, 650 (8th Cir. 1993). On appeal, therefore, we review his claim only for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Sickinger*, 179 F.3d 1091, 1092-93 (8th Cir. 1999); *United States v. Jackson*, 155 F.3d 942, 947 (8th Cir.

1998). To gain relief, Hinkeldey must show an error that is clear or obvious under current law, and he must demonstrate that the error affected his substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). The district court's ruling will be upheld if the statute and case law do not provide a clear answer, and the appellant's "claim of error is at least subject to reasonable dispute." *United States v. Pazour*, 609 F.3d 950, 953 (8th Cir. 2010) (per curiam) (internal quotation omitted).

The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (internal quotation omitted). Where, as here, an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution. *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). A unit of prosecution is "the aspect of criminal activity that Congress intended to punish." *Id.* at 448.

Hinkeldey claims that the simultaneous possession of overlapping, illegal files on separate devices does not constitute distinct possession crimes under 18 U.S.C. § 2252A(a)(5)(B). The statute calls for punishment of a person who "knowingly possesses . . . *any* book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography." *Id.* (emphasis added). Citing dicta from our court suggesting that a statute's use of the term "any" fails to define unambiguously the unit of prosecution, *see United States v. Kinsley*, 518 F.2d 665, 667-68 (8th Cir. 1975), Hinkeldey contends that § 2252A(a)(5)(B) is ambiguous. He concludes that because of this purported ambiguity, we should apply the rule of lenity and resolve any doubt as to Congress's intent in his favor. *See Bell v. United States*, 349 U.S. 81, 83-84 (1955).

We conclude that Hinkeldey's double jeopardy challenge to the separate possession counts must fail, because it is not "clear" or "obvious" under current law that Congress intended that conduct like Hinkeldey's make up a single unit of prosecution. *See Olano*, 507 U.S. at 734. The principal decisions in this area appear to support the district court's decision. The Fifth Circuit, in a case involving three possession counts based on images from two computers and a number of diskettes, affirmed separate convictions on each count under § 2252A(a)(5)(B). *See United States v. Planck*, 493 F.3d 501 (5th Cir. 2007). The court drew on precedent interpreting 18 U.S.C. § 922(h), which proscribes the possession of "*any* firearm" by a previously convicted felon, to conclude that "the Government may charge multiple counts" under § 2252A(a)(5)(B) for illegal files stored on different media. *Planck*, 493 F.3d at 504 (emphasis added). The court explained that "as long as the prohibited images were obtained through the result of different transactions," the statute permits a separate count for each "type of material or media possessed." *Id.*; *see also United States v. Anson*, 304 Fed. App'x 1, 4 (2d Cir. 2008) (declaring that the "any" language of § 2252A(a)(5)(B) "lends itself to treating each book, magazine, or other material – in this case a computer hard drive and thirty-nine CD-ROMs – as separate 'units' of prosecution"). Our court has also suggested, in an unpublished opinion, that § 2252A(a)(5)(B) allows separate convictions for illegal images stored on different devices. In *United States v. Martin*, 278 Fed App'x 696 (8th Cir. 2008), we cited *Planck* and held that because the defendant admitted that he possessed "multiple disks containing pornographic images of children," the district court did not abuse its discretion by declining to treat the defendant's two convictions under § 2252(a)(5)(B) as one crime for purposes of sentencing. *Id.* at 697.

Hinkeldey points to no authority clearly supporting his interpretation of the statute. His reliance on *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009), is unavailing, because that case involved 18 U.S.C. § 2252(a)(4)(B), which makes it a crime to "knowingly possess[] . . . *1 or more* books, magazines, periodicals, films, video tapes, or other matter which contain" child pornography. *Id.* (emphasis added).

Unlike the term "any" in § 2252A(a)(5)(B), the phrase "1 or more" in § 2252(a)(4)(B) arguably manifests a clear intention to include multiple materials in a single unit of prosecution. *See Polouizzi*, 564 F.3d at 155. The term "any" does not obviously suggest a single unit of prosecution, *see Kinsley*, 518 F.2d at 667-68, and even assuming it is ambiguous, there is a substantial argument that the court should reject a reading that would punish an offender in possession of thousands of illicit images in the same manner as an individual in possession of a single image. *See Planck*, 493 F.3d at 504. Hinkeldey's interpretation of § 2252A(a)(5)(B) is, at a minimum, subject to reasonable dispute. Accordingly, the district court's decision to enter judgment for multiple convictions does not constitute plain error. *See Pazour*, 609 F.3d at 953.

Hinkeldey argues alternatively that the Fifth Circuit in *Planck* established a rule that multiple counts may be charged and punished under § 2252A(a)(5)(B) for images stored on different media only if "the prohibited images were obtained through the result of different transactions." *Planck*, 493 F.3d at 504. This court has not addressed this "different transactions" standard, but even assuming that it is clearly dictated by the statute, the district court's refusal to merge the counts was not plain error.

Hinkeldey admitted in a recorded interview after his arrest that he searched for and viewed child pornography on different occasions. He also acknowledged storing child pornography for a period of time that pre-dated the installation of the LimeWire program on his computer. This was substantiated by evidence indicating that illegal files were transferred to one of the seized computer disks as early as February 2006. Forensic examination indicated that Hinkeldey possessed more than 1,500 illicit photographs and videos. Given Hinkeldey's admissions and the overwhelming number of images, "it would exceed credulity to conclude that [Hinkeldey] acquired, or could have acquired, all the images and movies at the very same time." *Planck*, 493 F.3d at 506 (Wiener, J., concurring).

\*     \*     \*

The judgment of the district court is affirmed.

_____