# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3071

_____

United States of America

*Plaintiff - Appellee*

v.

Darran Lohse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 13, 2015
Filed: August 12, 2015

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and DOTY, District
Judge.[1]

_____

WOLLMAN, Circuit Judge.

---

[1]The Honorable David S. Doty, United States District Judge for the District of
Minnesota, sitting by designation.

Darran Lohse was convicted of producing, receiving, and possessing child pornography, in violation of federal law. On appeal, he argues that the district court[2] erred in denying his motion for judgment of acquittal on the production count and in denying his motion to dismiss the possession counts. We affirm.

## I. Background

Lohse lived with his girlfriend and her three-year-old daughter, K.S. In November 2011, Lohse's girlfriend discovered troubling images on an SD card. The images depicted K.S., who was clothed and sleeping in a natural position on a bed, and Lohse, who was naked and positioned so that his penis was on or near K.S.'s face. Lohse's girlfriend contacted a law enforcement officer, and a search was executed at the house later that day. Officers seized the following devices that were later found to contain child pornography: a Gateway 980 server, a Gateway computer, and a Maxell CD.

A grand jury returned a two-count indictment. As relevant here, the indictment charged Lohse with one count of producing child pornography based on the images found on the SD card. It alleged that Lohse had violated 18 U.S.C. § 2251(a) and (e) when he "used and attempted to use a minor under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct." Lohse moved to dismiss the count, arguing that the images did not depict "sexually explicit conduct," as defined by 18 U.S.C. § 2256(2)(A)(v), because the display of genitals was not lascivious. The district court denied the motion.

A grand jury later returned a six-count superseding indictment. Along with the production count set forth above (count 1), the superseding indictment charged Lohse

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and four counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The receipt count (count 2) did not identify the device on which Lohse allegedly received child pornography. Rather, it stated that "[i]n or about February 2010," Lohse "knowingly received and attempted to receive visual depictions of minors engaged in sexually explicit conduct." Each possession count related to a different device: an IBM Deskstar hard drive from the Gateway 980 server (count 3), a RAID array[3] containing two IBM hard drives and two Seagate hard drives from the Gateway 980 server (count 4), a Western Digital hard drive from the Gateway computer (count 5), and the Maxell CD (count 6).

Before trial, the district court issued proposed jury instructions and a proposed verdict form. It ordered the government to "identify the images of alleged child pornography on which it intends to rely for each count." D. Ct. Order of Oct. 28, 2013, at 1. For the receipt offense charged in count 2, the government identified four videos that had been downloaded onto the IBM Deskstar hard drive. Thereafter, the district court issued a revised verdict form that listed the videos the government had identified. The revised verdict form asked whether Lohse was guilty of receiving child pornography as alleged in count 2 of the superseding indictment. Upon a finding of guilt, the jury was required to indicate which of the four videos it found were child pornography received by Lohse. Lohse did not object to the identification of the four videos on the verdict form. He also did not request an instruction regarding possession as a lesser-included offense of receipt, which would have expressly precluded the jury from convicting Lohse of the offenses based on the same conduct.

---

[3]As explained at trial, "A RAID array is a type of hard drive configuration normally found in servers. It involves two or more hard drives at a minimum. . . . The drives are arranged in such a manner that the data is written across multiple drives so that if one drive fails you can replace the drive and the data on the other drives can rebuild the missing data from the one drive, so it's done for data security."

The case proceeded to trial. To prove the production offense charged in count 1, the government presented nine images of Lohse and K.S. that were found on the SD card. With respect to the receipt and possession counts, the government presented the testimony of Special Agents Tully Kessler of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and Nathan Teigland of the Iowa Division of Criminal Investigation. Kessler had examined the Gateway 980 server and the Gateway computer; Teigland had examined the Maxell CD. Kessler testified that six different hard drives were associated with the Gateway 980 server, including an IBM Deskstar hard drive and a RAID array composed of four hard drives. He further testified that a Western Digital hard drive was associated with the Gateway computer.

Kessler testified that the IBM Deskstar hard drive contained twenty-eight or twenty-nine videos that depicted prepubescent children engaging in sexual acts with adults. The government presented to the jury the four videos that were identified on the verdict form in support of the receipt count. Kessler explained that zone identifier files related to the four videos indicated that the videos were downloaded from the Internet or received in an email program and then saved to the hard drive. He testified that two files were written to the hard drive at 7:29 and 7:30 p.m. on February 24, 2010, and two files were written to the hard drive at 12:14 a.m. on February 25, 2010. The government also entered into evidence three videos that were found on the RAID array, three videos that were found on the Western Digital hard drive, and three videos that were found on the Maxell CD.

At the close of the evidence, Lohse moved for judgment of acquittal. With respect to the production offense charged in count 1, he reiterated the argument that the images of Lohse and K.S. did not constitute child pornography. The district court reserved its ruling on the motion and submitted the case to the jury. The jury was instructed that to find Lohse guilty of producing child pornography, it must find beyond a reasonable doubt that Lohse knowingly used K.S. to engage in sexually explicit conduct. The instructions explained that Lohse "'used' K.S. if K.S. was

-4-

photographed or videotaped" and defined the term "sexually explicit conduct" to include the "lascivious exhibition of the genitals or pubic area of any person." The jury found Lohse guilty on all counts, and the district court later denied Lohse's renewed motion for judgment of acquittal and his motion for a new trial.

Months later, Lohse moved to dismiss the possession counts (counts 3 through 6), arguing that his convictions violated the Double Jeopardy Clause of the Fifth Amendment. He argued that the possession counts must be dismissed as lesser-included offenses of the receipt count. He also argued that the possession counts were multiplicitous because his offense conduct constituted only one violation of 18 U.S.C. § 2252A(a)(5)(B). The government conceded that count 3—relating to the possession of certain videos on the IBM Deskstar hard drive—was a lesser-included offense of the receipt offense charged in count 2. The district court dismissed count 3 but otherwise denied Lohse's motion and later sentenced Lohse to 240 months' imprisonment.

## II. Discussion

### A. Denial of Motion for Judgment of Acquittal

Lohse first argues that the district court erred by denying his motion for judgment of acquittal on the production count (count 1). He contends that K.S. was not used to engage in sexually explicit conduct, arguing that the conduct depicted was not sexually explicit and that even if it were, K.S. was not used to engage in that conduct but instead was merely present. We review the denial of a motion for a judgment of acquittal *de novo*. United States v. Johnson, 639 F.3d 433, 437 (8th Cir. 2011). We will affirm if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

-5-

Section 2251(a) provides that "[a]ny person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e)." "Sexually explicit conduct" is defined as including the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). An image is lascivious "only if it is sexual in nature." United States v. Kemmerling, 285 F.3d 644, 646 (8th Cir. 2002). Accordingly, "[w]e have held that more than mere nudity is required before an image can qualify as 'lascivious' within the meaning of the statute." Id. at 645-46 (citing United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999)).

In determining whether an image is lascivious, we have cited with approval the factors set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986). See, e.g., Johnson, 639 F.3d at 439-40; United States v. Wallenfang, 568 F.3d 649, 657 (8th Cir. 2009); Horn, 187 F.3d at 789. The Dost factors include: (1) whether the focal point of the image is on the minor's genital or pubic area; (2) whether the setting of the image is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the image is intended to elicit a sexual response in the viewer. Dost, 636 F. Supp. at 832. In defining the term "lascivious," the district court instructed the jury to consider the six Dost factors and two other factors: (7) whether the image portrays the minor as a sexual object; and (8) any captions on the images. See Eighth Circuit Model Criminal Jury Instructions 6.18.2252A (citing United States v. Arvin, 900 F.2d 1385 (9th Cir. 1990)). The district court also instructed the jury that it was to decide what weight, if any, to be given to any of the factors and that "[e]ven images of children acting innocently can be considered lascivious if they are intended to be sexual."

Lohse argues that a majority of the Dost factors must be present to prove a lascivious exhibition of genitals. Because several of the Dost factors are not relevant here, Lohse contends that the evidence did not establish any sexually explicit conduct. We disagree. Dost involved the allegedly lascivious exhibition of children's genitals, but "sexually explicit conduct" includes the lascivious exhibition of the genitals "of any person." 18 U.S.C. § 2256(2)(A)(v). Because this case involved the exhibition of the adult defendant's genitals, many of the Dost factors simply do not apply. Moreover, Dost merely set forth a nonexclusive list of factors to be considered in deciding whether certain conduct is sexually explicit. Horn, 187 F.3d at 789 ("It goes without saying that the Dost criteria are neither definitive nor exhaustive."); see also United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008) ("As factors, they mitigate the risk that jurors will react to raw images in a visceral way, rely on impulse or revulsion, or lack any framework for reasoned dialogue in the jury room."); United States v. Amirault, 173 F.3d 28, 32 (1st Cir. 1999) ("Although Dost provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition."). In determining whether an image depicts a lascivious exhibition of genitals, the inquiry is always case specific, and even if a majority of the Dost factors are absent, an image may still qualify as a lascivious exhibition of genitals under § 2256(2)(A)(v). See Wallenfang, 568 F.3d at 657 ("All six Dost factors need not be present in order to bring the depiction under the proscription of the statute." (internal quotation omitted)).

Lohse also argues that the government did not prove that K.S. was "use[d] . . . to engage in" sexually explicit conduct under § 2251(a). He contends that the statute requires "either active participation by the minor or active sexual conduct to an unconscious minor by an adult defendant." Appellant's Br. 20. Lohse did not present this argument to the district court. He did not object to the jury instruction explaining that K.S. was "used" if she was photographed or videotaped. Nor did he request that the term "engage in" be defined for the jury. Although he has maintained throughout

that the evidence did not support a finding that the conduct was sexually explicit, he claims for the first time on appeal that the evidence was insufficient to prove that K.S. was used to engage in it. If Lohse's argument is that the district court failed to properly instruct the jury, we find no plain error in the instructions. See United States v. Fadl, 498 F.3d 862, 866 (8th Cir. 2007) ("[T]he 'use' component 'is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography.'" (quoting United States v. Sirois, 87 F.3d 34, 41 (2d Cir. 1996))). If his argument is that the evidence was insufficient because K.S. was merely present when Lohse himself engaged in sexually explicit conduct, we disagree with Lohse's characterization of the images as "a simple display of adult genitals around a sleeping minor." Appellant's Reply Br. 2. We agree with the district court that "a jury might find that [K.S.'s] role in the nine photographs was that of an inanimate body for Lohse to act upon in exhibiting his genitals" and that "a reasonable jury could conclude that Lohse quite literally used K.S. as a sexual object in orchestrating the nine photographs." D. Ct. Order of Jan. 21, 2014, at 11. This is not a case of mere presence, nor could the images be fairly described as "innocent family photos, clinical depictions, or works of art." Johnson, 639 F.3d at 439.

For example, government's exhibit 5 depicts K.S. wearing pajamas and sleeping on a bed. Lohse is naked and straddling the child's head, with his left foot on the floor and his right leg on the bed. Lohse has placed his flaccid penis near the child's cheek or mouth, and he is pulling or holding her hair with his left hand. Government's exhibit 8 again depicts K.S. wearing pajamas and sleeping on a bed. Lohse is naked and almost straddling the child's head. He is facing away from the child and has pushed his penis and scrotum toward his anus with his left hand. His left hand is also pressed against K.S.'s forehead, with his penis placed near K.S.'s left eye. These two images and the other seven in the series constitute evidence from which a reasonable jury could find present three of the factors set forth in the jury instructions, two of which were enumerated in Dost: the setting of the images was sexually suggestive; the images were intended to elicit a sexual response in the

viewer; and K.S. was portrayed as a sexual object. The evidence was sufficient to allow a reasonable jury to convict Lohse of production of child pornography, as charged in count 1, and thus the district court properly denied Lohse's motion for judgment of acquittal.

## B. Denial of Motion to Dismiss Counts 4 through 6

### 1. Lesser-Included Offense

Lohse argues that his convictions and separate sentences for the receipt and possession counts violate the Fifth Amendment's Double Jeopardy Clause. Specifically, he contends that the receipt offense charged in count 2 of the superseding indictment was broad enough to encompass the possession offenses charged in counts 4 through 6. Thus, Lohse argues, the district court should have given a lesser-included-offense instruction. Lohse neither raised a double jeopardy defense before trial nor requested an instruction that possession was the lesser-included offense of receipt. Accordingly, we review his claim for plain error. United States v. Huether, 673 F.3d 789, 798 (8th Cir. 2012) (reviewing for plain error the district court's failure to give a lesser-included-offense instruction).

To prevail on this claim, Lohse must first "show he was convicted of 'two offenses that are in law and fact the same.'" Id. (quoting United States v. Muhlenbruch, 634 F.3d 987, 1002 (8th Cir. 2011)). The parties do not dispute that the possession offenses are lesser-included to the receipt offense under the law. Lohse has not shown, however, that the receipt conviction is based on the same facts as the possession convictions. The verdict form conclusively establishes that the conviction for the receipt offense was based on four videos that were downloaded onto the IBM Deskstar hard drive, whereas the possession offenses were based on videos that were found on the RAID array, the Western Digital hard drive, and the Maxell CD.

-9-

Although count 2 of the superseding indictment did not allege a device on which Lohse allegedly received child pornography, the government identified before trial four videos that were downloaded on the IBM Deskstar hard drive. At trial, Kessler testified that the zone identifier files related to the four videos indicated that they had been downloaded to the IBM Deskstar hard drive on February 24 and 25, 2010. The jury returned a guilty verdict on count 2, finding that Lohse had received those four videos. Counts 4 through 6 of the superseding indictment each identified a separate device on which Lohse allegedly possessed child pornography, and the government identified before trial the videos of alleged child pornography on which it intended to rely for counts 4 through 6. The government presented evidence that Lohse possessed child pornography on each of those devices, and the jury returned a guilty verdict on counts 4 through 6, finding that Lohse had possessed certain videos of child pornography on the RAID array, the Western Digital hard drive, and the Maxell CD. Because the evidence and the jury verdict form did not allow a finding of guilt on the receipt offense charged in count 2 based on the same evidence that supported the possession offenses charged in counts 4 through 6, the district court did not plainly err in failing to *sua sponte* give a lesser-included-offense instruction.

Lohse also argues that because the superseding indictment did not identify a device on which child pornography was received, the verdict form impermissibly expanded the indictment by identifying videos that were found on the IBM Deskstar hard drive for count 2. In Lohse's words, the verdict form "created separate convictions for charges that would otherwise have been dismissed as lesser offenses." Appellant's Br. 36. The verdict form, however, permissibly separated the evidence for the receipt count from the evidence for the possession counts. The verdict form also was consistent with Model Criminal Jury Instruction 6.18.2252 which provides, "You have heard evidence of more than one visual depiction involved in the offense. You must agree unanimously as to which visual depiction(s) the defendant

-10-

possessed." We thus cannot say that the district court plainly erred in identifying on the verdict form the four videos related to the receipt offense charged in count 2.

## 2. Multiplicity

Lohse argues that the possession offenses charged in counts 4 through 6 were multiplicitous. "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting Brown v. Ohio, 432 U.S. 161, 165 (internal quotation omitted)). Where "an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." Id.

As recounted above, Lohse raised this multiplicity defense after his trial had concluded. Federal Rule of Criminal Procedure 12(b)(3) requires that a motion alleging a defect in the indictment be made before trial. At the time Lohse filed his post-trial motion to dismiss, Rule 12(e) provided that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets" for pretrial motions. The district court declined to decide whether Lohse had waived his multiplicity defense by failing to raise it before trial, saying, "Lohse's potential waiver notwithstanding, I will address the merits of his double jeopardy claims." D. Ct. Order of June 30, 2014, at 3 n.1.

Certain amendments to Rule 12 took effect during the pendency of Lohse's appeal. Rule 12(b)(3) now lists multiplicity as an objection to the indictment that "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." A Rule 12(b)(3) motion is untimely if a party does not meet the deadline set for pretrial motions, but a court may consider such an untimely motion "if the party shows good

-11-

cause." Fed. R. Crim. P. 12(c)(3). In its April 25, 2014, order amending the Federal Rules of Criminal Procedure, the Supreme Court instructed that the amended rules govern proceedings then pending "insofar as just and practicable." In United States v. Anderson, 783 F.3d 727 (8th Cir. 2015), we considered the effect of the defendants' failure to raise a double jeopardy issue before trial, in light of the amendments to Rule 12. We applied the amended version of Rule 12 and found no good cause to consider their argument. Id. at 740. We went on, however, to determine whether the district court had committed plain error, concluding that "even if this just-and-practicable standard were not met, [the defendants'] double-jeopardy argument still fails." Id. at 741.

Although Lohse's motion to dismiss the indictment was untimely, the parties have not addressed whether there is good cause to consider Lohse's multiplicity argument or whether it would be just and practicable to apply the amended version of Rule 12. The denial of his motion to dismiss based on a mutiplicitous indictment is entitled to—at best—plain error review based on the former version of Rule 12, see Anderson, 783 F.3d at 741, and it is under that standard of review that we consider Lohse's argument.

Section 2252A(a)(5)(B) calls for punishment of a person who "knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography." Lohse asks us to define the word "any" to mean "'any one o[r] more' such that possess[ing] any material containing child pornography in the same place, at the same time is a single violation of the statute." Appellant's Br. 39. Accordingly, the argument goes, the evidence presented could support only one count of possession because the RAID Array, the Western Digital hard drive, and the Maxell CD were found near one another in the basement of his home. In United States v. Hinkeldey, however, we held that the defendant's "double jeopardy challenge to the separate possession counts must fail, because it is not 'clear' or 'obvious' under current law that Congress intended that

-12-

conduct like [the defendant's] make up a single unit of prosecution." 626 F.3d at 1013. As defense counsel in effect conceded at oral argument, under plain error review <u>Hinkeldey</u> controls, and thus Lohse's multiplicity claim fails.

## III. Conclusion

The judgment is affirmed.

_____