# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2554
_____

United States of America,

*Plaintiff - Appellee,*

v.

Matthew Rouse,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2019
Filed: September 3, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Matthew Rouse entered a conditional guilty plea to one count of distribution of child pornography. *See* 18 U.S.C. § 2252A(a)(2). He reserved his right to appeal the district court's[1] denial of his motion to dismiss the indictment. On appeal, Rouse

_____

[1]The Honorable Laurie Smith Camp, then Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendation of the

argues that the statute of conviction, as applied to him in this case, violates his rights under the First and Fifth Amendments. We conclude that the conviction is constitutional and affirm the judgment.

I.

Matthew Rouse was 37 years old when he engaged in a sexual relationship with B.A., a 16-year-old girl. On multiple occasions, the two met in Omaha to have sexual intercourse. During the relationship, Rouse suggested that they record their sexual activity. B.A. agreed, and Rouse used his cell phone to film the pair engaged in sexual acts. Rouse sent the videos to B.A. over the internet, but did not distribute them to anyone else. B.A. also sent the videos, along with other explicit photographs that she had taken of herself, back to Rouse.

B.A.'s mother discovered the relationship and found the video recordings on B.A.'s phone. She notified Rouse's employer of the relationship and recordings; the employer notified the State Patrol. Although the sexual activity did not violate Nebraska state law because the age of consent is sixteen, *see* Neb. Rev. Stat. § 28-319.01, the State charged Rouse with violating Nebraska criminal prohibitions on the possession of child pornography. *See id.* §§ 28-813.01, 28-1463.02.

A federal grand jury later charged Rouse with committing two federal offenses arising from the videos: enticement of a minor to engage in sexually explicit conduct for the purposes of creating a visual depiction, *see* 18 U.S.C. § 2251(a), and distribution of child pornography. *See id.* § 2252A(a)(2). Rouse moved to dismiss the indictment on the grounds that prosecuting him for filming his lawful activity violated his First Amendment right to free speech and a Fifth Amendment right to

---

Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

-2-

privacy. The district court denied the motion, concluding that child pornography is categorically excluded from First Amendment protections, and that no right to privacy protects the production of pornographic material involving a minor.

Rouse entered a conditional guilty plea to distribution of child pornography while reserving his right to appeal the denial of his motion. The government agreed to dismiss the enticement charge, and the district court sentenced Rouse to 96 months' imprisonment. We review the district court's ruling *de novo*.

II.

Rouse first contends that the child pornography statute, § 2252A(a)(2), is unconstitutional as applied to him because it violates his First Amendment right to free speech. The district court rejected this contention on the ground that child pornography is categorically excluded from protection under the First Amendment.

"There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942). In *New York v. Ferber*, 458 U.S. 747 (1982), the Supreme Court held that "child pornography" is "without the protection of the First Amendment." *Id.* at 763-64. The Court has reiterated that conclusion several times, most recently in *United States v. Stevens*, 559 U.S. 460, 471 (2010). *See also Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002); *Osborne v. Ohio*, 495 U.S. 103, 110 (1990).

Rouse nonetheless contends that *Stevens* compels the conclusion that the videos that he created of B.A. engaging in sexual activity are protected speech. *Stevens* rejected the use of a balancing test to decide whether depictions of animal cruelty were categorically excluded from First Amendment protection. To reconcile its decisions on child pornography, the Court emphasized that *Ferber* "did not rest

on [a] 'balance of competing interests' alone," but presented a "special case": "The market for child pornography was 'intrinsically related' to the underlying abuse, and was therefore 'an integral part of the production of such materials, an activity illegal throughout the Nation.'" *Stevens*, 559 U.S. at 471 (quoting *Ferber*, 458 U.S. at 759, 761, 764). The Court explained that *Ferber*'s analysis was "grounded . . . in a previously recognized, long-established category of unprotected speech," namely, "speech or writing used as an integral part of conduct in violation of a valid criminal statute." *Id.* (quoting *Ferber*, 458 U.S. at 762). Applying *Stevens*, we have defined the category of unprotected activity as "speech integral to criminal conduct, namely the sexual abuse of minors inherent in the production of child pornography." *United States v. Anderson*, 759 F.3d 891, 894 (8th Cir. 2014).

Relying on this explanation of *Ferber*, Rouse contends that distribution of child pornography is outside the scope of the First Amendment only if it is integral to a violation of a *separate* statute that criminalizes sexual abuse of a minor. Rouse acknowledges, for example, that if a defendant *unlawfully* engages in sexual activity with a minor and records that activity on video, then his production and distribution of the recordings is not protected speech. But because B.A. had reached the age of consent in Nebraska, and consented to engage in sexual activity with Rouse, the government alleges no crime or sexual abuse other than the production and distribution of child pornography. Under those circumstances, Rouse reasons, his recordings are protected speech, because there is no underlying criminal conduct that makes the videos categorically unprotected.

This argument misunderstands *Ferber* and the basis for the categorical exclusion of child pornography from protection under the First Amendment. When the Court spoke of speech used as an integral part of conduct in violation of a "valid criminal statute," it was referring to statutes forbidding the production of child pornography. The distribution of child pornography was "an integral part of *the production of such materials*, an activity illegal throughout the Nation." 458 U.S. at

761 (emphasis added). As the Court explained in *Free Speech Coalition*, "[i]n the case of the material covered by *Ferber*, the creation of the speech is itself the crime of child abuse." 535 U.S. at 254. "[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Ferber*, 458 U.S. at 758. The "underlying abuse" to which the market for child pornography was "intrinsically related," therefore, was the unlawful production of the images themselves. *Stevens*, 559 U.S. at 471 (quoting *Ferber*, 458 U.S. at 759). It may not be illegal for an adult to place an unclothed child on a bed, but when the adult produces and distributes images of the child that contain a lascivious exhibition of the child's genitals, the activity is illegal and outside the protection of the First Amendment. *See United States v. Lohse*, 797 F.3d 515, 520-21 (8th Cir. 2015). So too with the production and distribution of video recordings of a 16-year-old girl engaged in sexual explicit conduct, even if the sexual activity is legal in the State of Nebraska.

Rouse recorded an identifiable minor engaging in sexually explicit activity and then distributed the video over the internet. His speech in distributing the child pornography was intrinsically related to the unlawful production of the material, and thus categorically unprotected under the First Amendment. The district court correctly denied Rouse's motion to dismiss the charge.

Rouse also contends that § 2252A(a)(2) as applied to him violates a right to privacy or sexual intimacy under the Fifth Amendment. He relies on *Lawrence v. Texas*, 539 U.S. 558 (2003), where the Court held that the "right to liberty under the Due Process Clause" gave two men the right to engage in consensual sexual activity in the home. *Id.* at 578. Rouse contends that the liberty discussed in *Lawrence* and previous cases encompasses a right to engage in lawful sexual conduct with a minor and record it on video for personal use.

-5-

The liberty interest recognized in *Lawrence* does not extend so far. *Lawrence* concerned "adults engaging in consensual sexual relations in private." *United States v. Bach*, 400 F.3d 622, 629 (8th Cir. 2005). The decision did not involve minors, and it did not recognize a constitutional right to produce or distribute video recordings of persons engaged in sexually explicit conduct. We held in *Bach* that the Due Process Clause as interpreted in *Lawrence* did not prevent a prosecution for transmitting a visual depiction of a minor engaged in sexually explicit conduct, even though the conduct was not criminal. *Id.* at 628-29. The same result obtains here. Rouse suggests that the defendant in *Bach* pressured or coerced the minor to allow video recording, while his interaction with B.A. was entirely consensual. But the salient point is that the criminal charge in each case involved distribution of visual depictions of sexual activity between an adult and a minor, and the liberty guaranteed by the Due Process Clause does not forbid the government to proscribe that conduct.

\*     \*     \*

The judgment of the district court is affirmed.

BEAM, Circuit Judge, concurring.

I concur in the court's opinion because I feel compelled to by circuit and Supreme Court precedent and do not disagree with the majority court's analysis of the same. I write separately because the result–the conviction and especially the sentence of 96 months–under the particular facts of this case is unseemly and quite possibly unfair. As the court sets out, there was in reality no victim of this crime, and the two-year gap between the age of majority for consensual sex and the age at which depictions of that consensual and legal sex are *illegal* as child pornography should likely be addressed by a legislative body. Further, the sentence, which I fully realize was a negotiated Rule 11(c)(1)(C) agreement, resulted because the calculated advisory Guidelines range was 135-168 months. This excessive, but correctly

-6-

calculated, range is a result[2] of what I believe to be artificially and unnecessarily high child pornography sentencing guidelines.  See  United States v. Dorvee, 616 F.3d 174, 184-87 (2d Cir. 2010) (criticizing aspects of the child pornography guidelines as irrational and creating little distinction between "the most dangerous offenders" and others).  In this unusual and likely aberrant case, a prison sentence of eight years is, to say the least, unfortunate.

---

[2]Rouse's criminal history score was zero.