[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10667

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GEORGE POULO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00050-PGB-DCI-1

_____

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

This appeal has been consolidated with *United States v. Dawson*, No. 21-11425. Like *Dawson*, this appeal asks us to determine whether an adult who films himself exposing his genitals and masturbating in the presence of a child where the child is the object of sexual desire in the film "uses" that child to engage in sexually explicit conduct for purposes of 18 U.S.C. § 2251(a). For the reasons discussed in *Dawson*, we hold that the above conduct fits squarely within the language of the statute.

## I.     FACTUAL AND PROCEDURAL HISTORY

### A.     Underlying Facts

In June 2020, a federal grand jury issued a superseding indictment, charging Poulo with five counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a)[1] and (e) ("Counts One

---

[1] Section 2251(a) provides:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or

through Five"), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) ("Count Six"). Poulo pleaded not guilty and waived his right to a jury trial.

Before the bench trial, the parties stipulated to the following facts. On February 3, 2020, Investigator Michael Sewall, an undercover sheriff's office investigator in Wisconsin, observed Poulo and others conversing on Kik—an online social media application—in a chat room called "breeding no age limits." There, Poulo told the group that he had let a five-year-old girl come into his bedroom and touch his penis while he pretended to be asleep. At that point, Investigator Sewall and Poulo started chatting via private message on Kik, and Poulo told Investigator Sewall that he could get the girl to "jerk him off" and that he planned to masturbate after the woman living with him left the house.

A couple minutes later, Poulo sent Investigator Sewall a photo of his erect penis. He later sent Investigator Sewall two more photos of his erect penis with what appeared to be ejaculatory fluid on it. The two photos depicted a fully clothed girl who

---

facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

was about five years old and standing in the doorway of the room looking at Poulo as he lay naked on a bed with his penis erect. Those photos were the basis for Counts One and Two.

Later that day, Poulo sent Investigator Sewall three photos of himself masturbating while the same fully clothed, five-year-old girl watched from the doorway of the room. The first photo showed the girl with her back to Poulo but appearing to look over her shoulder toward him. In the other two photos, the girl was directly looking at Poulo while he masturbated. Those three images were the basis for Counts Three through Five.

After these conversations, FBI agents searched Poulo's home and interviewed him. Poulo admitted during the interview that he had used the Kik application and had used his cellphone to take the five photos as the five-year-old girl stood "in the doorway watching him." He also explained that he had taken the photos to "impress guys on the internet" and admitted that he "took the pictures of the five-year-old appearing to watch him masturbate because it was arousing to him and it was arousing to him to send them to other people." He admitted that he was sexually attracted to the five-year-old girl.

In the joint stipulation, the parties agreed that the photos are visual depictions of Poulo with an actual minor while he engaged in self-masturbation, which constituted sexually explicit conduct and lascivious exhibition of his genitals. Poulo took the five photos "for the purpose of photographing" the five-year-old girl. Poulo actually shipped, transported, and transmitted the photos using a

means and facility of interstate and foreign commerce, specifically via the Internet using the Kik application on his iPhone.

## B.    Procedural History

At the bench trial, the government and Poulo advanced essentially the same arguments as the parties in *Dawson*.[2] The government argued that the district court should find Poulo guilty of Counts One through Five because he violated § 2251(a) by using the child to engage in sexually explicit conduct in order to create a visual depiction of that conduct. The government argued that Poulo "used" the child to engage in sexually explicit conduct since he created the images and engaged in the masturbation only because of the child's presence. It further argued that Poulo's use of the child satisfied the expansive definition of the word "use" in the context of § 2251(a) as found by the Third and Eighth Circuits. *See United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015); *United States v. Finley*, 726 F.3d 483 (3d Cir. 2013).

Poulo, on the other hand, asserted that the five images constituting the basis of Counts One through Five were legally

---

[2] This case has been consolidated with *United States v. Dawson*, No. 21-11425 for purposes of oral argument. *Dawson* raises the same issue of statutory interpretation, namely, whether a defendant "uses" a minor to engage in sexually explicit conduct for the purposes of 18 U.S.C. § 2251(a) when the defendant makes a visual depiction of himself engaging in sexually explicit conduct nearby a fully clothed minor. The district court in that case, like the district court here, concluded that § 2251(a) criminalizes visual depictions of sexually explicit conduct where the minor is a passive participant.

insufficient to sustain convictions on those counts under § 2251(a). In doing so, he summarized the Seventh Circuit's holding in *United States v. Howard*, 968 F.3d 717, 718 (7th Cir. 2020), that a defendant who had made visual depictions of himself masturbating next to a fully clothed and sleeping child had not violated § 2251(a). Poulo argued that, based on the "striking similarity" between the stipulated facts and the facts in *Howard*, he had not violated § 2251(a) by creating the five photos in this case. During the bench trial, Poulo moved for a judgment of acquittal on Counts One through Five, which the government opposed.

The district court issued a memorandum opinion and order on the merits that adjudicated Poulo guilty of all six counts. The district court first noted that this Court had not yet been confronted with the specific issue of whether criminal liability under § 2251(a) requires the child to have been actively engaged in the sexually explicit conduct. The district court then summarized the cases from the Third, Seventh, and Eighth Circuits that address the meaning of "use" in § 2251. Thereafter, the district court explained that it was declining to follow the Seventh Circuit because its analysis in *Howard* "fails to accord the plain meaning to [the word] 'uses' and fails to properly construe the textual import of the words 'to engage in.'"

The district court began its own analysis by considering the comprehensive scheme that Congress created to combat child pornography and child exploitation. The district court determined that the absence of any requirement in § 2251(a) that the minor

actively perform a sexually explicit act reflected an intentional legislative decision to broadly cover instances of child sexual exploitation, including conduct that falls short of the traditional notion of child pornography.

The district court then narrowed in on the language of § 2251(a). Relying on the plain meaning of the verb "use"—which it understood as being "to put into action or service: avail oneself of: employ . . . to carry out a purpose or action by means of"—the district court determined that a defendant "uses" a minor to engage in sexually explicit conduct under § 2251(a) "by employing the minor as a prop or an object of desire while [the defendant] is engaged in sexually explicit conduct."

The district court also reasoned that, if Congress had wanted to limit § 2251(a)'s reach to require a minor's active participation in the sexually explicit conduct, it would have "proscribed the use of a minor 'engaging in'—active participation—instead of use of a minor 'to engage in'—passive participation—sexually explicit conduct." The district court similarly reasoned that Congress could have borrowed language from other statutes to proscribe the use of a minor with knowledge that the minor would be portrayed engaging in sexually explicit conduct. Because Congress had done neither, the district court declined to construe § 2251(a) to disregard the plain meaning of "use."

The district court further noted that, because Congress had created other laws that criminalized conduct involving visual depictions of minors actively engaging in sexually explicit conduct, it

was unsurprising that § 2251(a) criminalized "a host of other means by which a minor is sexually exploited short of active participation in the proscribed sex acts."

For these reasons, the district court found Poulo guilty of all counts and denied his motion for a judgment of acquittal. The district court sentenced Poulo to a 2,040-month total sentence, consisting of 360 months on each of Counts One through Five and 240 months on Count Six, all running consecutively, to be followed by a life term of supervised release.

Poulo timely appealed his convictions for Counts One through Five.[3]

## II.    STANDARD OF REVIEW

We review *de novo* both the interpretation of a criminal statute as well as the denial of a motion for judgment of acquittal based on the sufficiency of the evidence. *United States. v. Pirela Pirela*, 809 F.3d 1195, 1198 (11th Cir. 2015).

## III.    ANALYSIS

On appeal, Poulo argues that he did not violate § 2251(a) because the images at issue depict an adult engaging in solo, adult-only sexually explicit conduct near a fully clothed minor who was not the focal point of the images, depicted as a sexual object, or

---

[3] Poulo did not contest below, and does not challenge on appeal, his conviction for Count Six under § 2252A(a)(2) and (b)(1) for distribution of child pornography.

otherwise involved in the sexual act.  Poulo contends that the key phrases "uses" and "to engage in," as relied on by the district court to convict him under § 2251(a), require some sort of "action involving a minor (uses) with some logical relationship to the minor's participation (to engage in) in sexually explicit conduct."  Those elements, according to Poulo, are not met here.  We disagree.

Section 2251(a) makes it illegal for "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct . . . ."

Poulo's interpretation of § 2251(a) to require the active participation of the child in the sexually explicit conduct for criminal liability is now foreclosed by this Court's decision in *United States v. Dawson*, No. 21-11425, at 15–22 (11th Cir. Apr. 5, 2023).  There, we concluded that a minor does not need to be the one engaging in the sexually explicit conduct in order to be "used" under the plain meaning of the statute.  Rather, an adult can "use" a child as the object of sexual desire while he records himself engaging in sexually explicit conduct, like masturbating to the child while in the child's presence.  In light of that decision, Poulo's interpretive argument fails.

As a final matter, we note that Poulo has requested for the first time on appeal that we apply the rule of lenity to read § 2251(a) to exclude his conduct.  But, as this Court concluded in *Dawson*, the rule of lenity does not apply to § 2251(a) because "the

traditional tools of statutory interpretation provide sufficient clarity on the meaning of § 2251(a)." *Dawson*, No. 21-11425, at 24. Therefore, Poulo's rule of lenity argument similarly fails.

## IV.    CONCLUSION

For the reasons expressed in *Dawson*, Poulo's conduct falls squarely within the scope of the conduct prohibited by 18 U.S.C. § 2251(a). Poulo used a child to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. We therefore affirm his convictions for sexual exploitation of a minor in violation of § 2251(a).

**AFFIRMED**.