# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3063

———————

United States of America,      *

     *

       Plaintiff - Appellee,      *

     *    Appeal from the United States

       v.      *    District Court for the

     *    Eastern District of Arkansas.

Craig Lanier Robertson,      *

     *

       Defendant - Appellant.      *

———————

Submitted: April 17, 2008
Filed: August 8, 2008

———————

Before LOKEN, Chief Judge, JOHN R. GIBSON and MELLOY, Circuit Judges.

———————

LOKEN, Chief Judge.

After pleading guilty to being a felon in possession of a firearm in the Northern District of Alabama, Craig Robertson began serving a three-year term of supervised release in the Eastern District of Arkansas in September 2006. In July 2007, his probation officer petitioned the district court to revoke supervised release, alleging that Robertson had used cocaine on multiple occasions, submitted urine samples that tested positive for cocaine metabolites, and twice failed to report for drug testing. Following a revocation hearing, the district court[1] found that Robertson violated the

———————

[1]The HONORABLE G. THOMAS EISELE, United States District Judge for the Eastern District of Arkansas.

terms of supervised release by using controlled substances and by refusing to comply with mandatory drug testing. The court revoked supervised release and sentenced him to eight months in prison followed by an additional two years of supervised release. Robertson appeals his revocation sentence. We affirm.

**A. Sentencing Issues.** The revocation petition charged Robertson with violating the general condition of supervised release that he "refrain from any unlawful use of a controlled substance" and the special condition that he report for drug testing and attend drug treatment as required. At the start of the hearing, the district court, addressing Robertson personally, obtained admissions that he had used cocaine and submitted urine samples that tested positive for cocaine while on supervised release. The court then ruled that revocation was mandatory. See 18 U.S.C. §§ 3583(g)(1), (3). Robertson does not challenge that ruling on appeal.

Turning to the revocation sentence, the court noted that, because the Northern District of Alabama placed Robertson in Criminal History Category III at his original sentencing, the advisory guidelines sentencing range was 5-11 months for a Grade C violation and 8-14 months for a Grade B violation. See U.S.S.G. § 7B1.4(a). The court found that "Grade B is the proper category" because of a prior drug conviction in Michigan and sentenced Robertson to eight months in prison, the bottom of the range for a Grade B violation. On appeal, Robertson argues that the district court (i) denied him prior "written notice of the alleged violation" as required by Rule 32.1(b)(2)(A) of the Federal Rules of Criminal Procedure and (ii) did not correctly apply the guidelines when it sentenced him under the Grade B range based upon his prior Michigan conviction.

(i) The probation officer's petition accused Robertson of multiple violations of supervised release conditions -- drug use, failed uranalysis tests, failure to report to drug exams, and failure to attend substance abuse counseling. The petition did not allege whether these were Grade B or Grade C violations, nor was such an allegation

-2-

required. Grade B violations constitute *conduct* punishable by a prison term exceeding one year, while Grade C violations include *conduct* punishable by a year or less in prison and any other violation of a condition of supervised release. See United States v. Schwab, 85 F.3d 326, 327 (8th Cir. 1996) (violation grades are based on actual conduct). Under Arkansas law, possession of cocaine, a Schedule II controlled substance, is a Class C felony punishable by more than one year in prison. See Ark. Code Ann. §§ 5-4-401(a)(4), 5-64-401(c)(2). Therefore, assuming without deciding that such notice was required, the revocation petition gave Robertson notice that he was being charged with conduct constituting one or more Grade B violations.

(ii) As the district court noted, the sentencing ranges set forth in the Chapter 7 policy statements are merely advisory. See United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994). Robertson complains that the court improperly relied on his prior Michigan drug conviction because it was irrelevant to the grading of his supervised release violations. But the court's grading was correct. Robertson committed Grade B violations of a general condition when he repeatedly used cocaine while under supervision. Thus, the court properly applied the Revocation Table in U.S.S.G. § 7B1.4(a) in basing the advisory range on a Grade B violation. It then had substantial discretion whether to sentence Robertson within the advisory range and, if so, where within that range, after considering the sentencing factors referred to in 18 U.S.C. § 3583(e). See United States v. Martin, 371 F.3d 446, 449-50 (8th Cir.), cert. denied, 543 U.S. 1004 (2004); United States v. Grimes, 54 F.3d 489, 492-93 (8th Cir. 1995). Robertson's prior drug conviction was evidence of repeated, continuing drug abuse that warranted a sentence at the bottom of the higher range for a Grade B violation. The eight-month sentence was well within the court's discretion. The reference to a prior drug conviction was, in the context of Robertson's admitted violations, a succinct confirmation that the court had considered relevant factors in choosing that sentence. See United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008).

**B. An Allocution Issue.** Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure provides that, before imposing sentence, "the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." In this circuit, a criminal defendant's right of allocution is strictly enforced. See United States v. Walker, 896 F.2d 295, 300-01 (8th Cir. 1990), relying on Green v. United States, 365 U.S. 301, 304-05 (1961). Robertson argues that the district court violated Rule 32(i)(4)(A)(ii) because the court did not address him personally when it invited defense counsel to speak in mitigation.

In United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997), we applied the predecessor of Rule 32(i)(4)(A)(ii) to revocation sentencing because Rule 32.1, which governs revocation hearings, did not address the question of allocution. This gap in the Rules was closed effective December 1, 2005, by the adoption of Rule 32.1(b)(2)(E), which provides that, at a revocation hearing, the person in custody "is entitled to . . . an opportunity to make a statement and present any information in mitigation." In United States v. Griggs, 431 F.3d 1110, 1113 & n.2 (8th Cir. 2005), we noted the recent adoption of Rule 32.1(b)(2)(E) but applied our prior decision in Patterson because it was the governing law at the time of the defendant's revocation hearing. Here, Rule 32.1(b)(2)(E) is controlling.

Though Rule 32(i)(4)(A)(ii) specifies what the court before imposing sentence "must" do, Rule 32.1(b)(2)(E) provides what the defendant "is entitled to" at the revocation hearing. Despite this significant textual difference, at least two circuits have held that the two rules create an identical right to allocution, so that both require the sentencing court "to directly address the defendant." United States v. Carruth, 528 F.3d 845, 846-47 (11th Cir. 2008); accord United States v. Pitre, 504 F.3d 657, 661-62 (7th Cir. 2007). We consider these decisions suspect because they were based in large

part on flawed reasoning.[2]  But we will assume without deciding that the Rule at least requires the district court, at some point during a revocation hearing, to address the defendant personally and make it clear he has a right "to make a statement and present any information in mitigation."

Here, at the start of the hearing, the district court, addressing Robertson personally, obtained admissions that he had used cocaine and submitted urine samples that tested positive for cocaine while on supervised release.  The court then asked Robertson if he had failed to report for drug testing, as alleged by the probation officer.  Robertson declined to admit this violation, and defense counsel interjected that the drug test in question was not administered as a result of confusion at the test facility.  The court then found that Robertson had committed the Grade B violations that Robertson had admitted.  Turning to the question of criminal history, the court, again addressing Robertson personally, asked whether he was convicted of a cocaine drug offense in Michigan in 2000.  Defense counsel interrupted, objecting that the conviction was not referred to in the revocation petition.  The court overruled that objection and then stated, "So let me hear from you or your client anything you would like to say by way of mitigation which you feel would help the Court reach a just sentence."  Defense counsel again objected to the court relying on the prior conviction.  The court replied, "That is the ruling of the Court.  Do you have anything else to say by way of mitigation?"  Defense counsel then made a lengthy statement as to why Robertson warranted a lenient sentence.  The district court commented, "that's a valuable statement of the situation."  Without further defense objection, the court

---

[2]Both panels stated that the Supreme Court in <u>Green</u> "was interpreting an earlier version of Rule 32 that tracks the current language of Rule 32.1."  <u>Carruth</u>, 528 F.3d at 847.  We disagree.  The prior Rule as quoted in <u>Green</u> provided:  "Before imposing sentence the court shall afford the defendant an opportunity to make a statement . . . ."  365 U.S. at 303 n.1.  Rule 32.1, on the other hand, clarifies that the defendant "is entitled to" this opportunity at some point in the revocation hearing, without using language specifying that the court "shall afford" the opportunity.

imposed the eight-month sentence and recommended that Robertson participate in substance abuse treatment programs while in prison and on supervised release.

The record establishes that the court personally addressed Robertson at the hearing until defense counsel took control of his client's part of the colloquy, which was entirely appropriate. Accepting that conversational reality, the court before imposing sentence asked whether "you or your client" had anything to say by way of mitigation. Defense counsel responded at length; Robertson remained silent. Thus, in this case, as in Griggs, 431 F.3d at 1113-14, the course of the hearing made it clear to Robertson that he had a right to speak in mitigation of his sentence. This is all that Green requires. See 365 U.S. at 304-05. Moreover, if the court in addressing "you or your client" did commit a Rule 32.1(b)(2)(E) error, as Carruth held despite the Rule's plain language to the contrary, both Robertson and defense counsel failed to object or to clarify whether the court was addressing Robertson personally. In these circumstances, the issue was forfeited, and the error was not plain. See United States v. Vonn, 535 U.S. 55, 73 (2002).[3]

The judgment of the district court is affirmed.

_____

---

[3]Our sister circuits apply harmless error or plain error principles in reviewing allocution issues. See, e.g., United States v. Reyna, 358 F.3d 344, 347-51 & n. 6 (5th Cir.) (en banc), cert. denied, 541 U.S. 1065 (2004).