# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1903

_____

United States of America,       *
     *
     Appellee,      *
     *  Appeal from the United States
     v.      *  District Court for the Eastern
     *  District of Missouri.
Jonathan Halley,      *
     *  [UNPUBLISHED]
     Appellant.      *

_____

Submitted: December 8, 2008
Filed: February 12, 2009

_____

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

_____

PER CURIAM.

After serving a term of imprisonment for a drug crime, Jonathan Halley began a twenty-four month period of supervised release. Less than a year later, however, the probation office of the United States District Court for the Eastern District of Missouri filed a petition to modify Mr. Halley's terms of supervision by requiring him to reside in a community correction center because he had violated his original terms; Mr. Halley consented to the modification. But five months afterward, the probation office filed a petition to have Mr. Halley's supervised release terminated because he had violated the terms of his supervision in at least seven different ways since the date they were modified.

At his revocation hearing, Mr. Halley admitted the violations of which he was accused and thus the only task before the district court[1] was to determine whether to revoke Mr. Halley's supervised release and, if so, to decide what further sentence it should impose. The district court correctly determined that the recommended sentencing range under the United States Sentencing Guidelines in Mr. Halley's case was a term of three to nine months' incarceration, *see* U.S.S.G. § 7B1.4(a), but it sentenced Mr. Halley to a term of eighteen months' imprisonment. Mr. Halley appeals, asserting that his sentence is unreasonable. We affirm.

"We review a revocation sentence under the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008) (internal quotation marks and citation omitted). A sentence is unreasonable if in imposing it a district court fails to weigh relevant factors that should have been given significant weight, gives significant weight to irrelevant factors, or makes a clear error of judgment in weighing the relevant factors. *See United States v. Sanchez*, 508 F.3d 456, 459-60 (8th Cir. 2007). Here, Mr. Halley's principal contentions are that the district court did not properly evaluate his personal history and characteristics and did not properly consider the nature of the offense, all of which are matters that a district court must consider when imposing a revocation sentence. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e).

Our careful review of the record convinces us that Mr. Halley's arguments are meritless. At the revocation hearing, the district court gave special attention to Mr. Halley's medical history, which included a diagnosis of bipolar disorder, and found on an adequate record that he could not take advantage of the Bureau of Prisons program for diagnosis and treatment if he were sentenced to a short term of imprisonment. In fixing the sentence, the court also specifically adverted to the nature

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

of Mr. Halley's offense (in this instance, his violations of release conditions), and found that they also indicated a need for a substantial period of incarceration: Mr. Halley had tested positive for drugs, which the district court believed meant that he would benefit from the long-term drug treatment that he could receive in prison; and the court thought that Mr. Halley's lack of motivation and discipline, as evidenced by his unwillingness or inability to comply with the simplest release conditions, indicated a need for a substantial stay in a disciplined and structured environment.

Mr. Halley also argues that the sentence is unreasonable because the term of imprisonment that the court imposed is twice as long as the high end of the appropriate guideline range. But the provisions that the United States Sentencing Commission has promulgated for cases involving the revocation of supervised release are policy statements only. *See United States v. Robertson*, 537 F.3d 859, 861 (8th Cir. 2008). It is true that a sentencing court must consider those statements in fashioning a sentence, *see* 18 U.S.C. §§ 3553(a)(4)(B), 3583(e), but the district court quite clearly had the recommended sentence in mind when it delivered its judgment. When we consider the number and range of Mr. Halley's violations, moreover, his specific characteristics (in particular, his apparent need for a mental evaluation and treatment), as well as the statutory mandate that sentencing courts consider the need for a sentence to "provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner," 18 U.S.C. §§ 3553(a)(2)(D), 3583(e), we cannot say that Mr. Halley's sentence was unreasonable.

Affirmed.

_____