# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3567

_____

United States of America

*Plaintiff - Appellee*

v.

Howard Matthew Fleetwood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 11, 2015
Filed: July 27, 2015

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

After Howard Fleetwood admitted, through counsel, to violating certain conditions of the supervised release he was serving for failing to register as a sex offender, see 18 U.S.C. § 2250, the district court[1] revoked Fleetwood's supervised

---

[1]The Honorable John A. Jarvey became Chief Judge of the United States District Court for the Southern District of Iowa on March 1, 2015.

release and sentenced him to twelve months imprisonment to be served—as Fleetwood requested—concurrently with his state sentence for assaulting two police officers. At Fleetwood's revocation hearing, the district court addressed Fleetwood directly only to advise him of his right to appeal. Fleetwood never spoke.

Fleetwood now appeals the judgment and sentence, arguing "the district court violated [Federal Rule of Criminal Procedure] 32.1(b)(2)(E) by failing to personally address [Fleetwood] and accord him the right to make a statement prior to imposition of the revocation sentence." Because Fleetwood failed to raise this issue at the revocation hearing, the parties agree we review for plain error. See United States v. Robertson, 537 F.3d 859, 863 (8th Cir. 2008); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) ("Errors not properly preserved are reviewed only for plain error under Rule 52(b) of the Federal Rules of Criminal Procedure."). To prevail, Fleetwood "must show an error that is clear or obvious under current law, and he must demonstrate that the error affected his substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings." United States v. Hinkeldey, 626 F.3d 1010, 1012 (8th Cir. 2010). "In the sentencing context, an error is prejudicial [to a defendant's substantial rights] only if the defendant proves a reasonable probability that he would have received a lighter sentence but for the error." United States v. Molnar, 590 F.3d 912, 915 (8th Cir. 2010).

Rule 32.1(b)(2)(E) provides that a person subject to revocation for allegedly violating a condition of supervised release "is entitled to . . . an opportunity to make a statement and present any information in mitigation." Although he concedes "[t]he language of the rule . . . is admittedly a bit loose on the point," Fleetwood urges us to "join the other circuits in interpreting Rule 32.1(b)(2)(E) as requiring the district court to personally address the defendant regarding his or her right to make a statement prior to imposition of a revocation sentence." See, e.g., United States v. Daniels, 760 F.3d 920, 924 (9th Cir. 2014) ("Rule 32.1(b)(2)(E) requires a court to address a supervised releasee personally to ask if he wants to speak before the court

imposes a post-revocation sentence"); United States v. Gonzalez, 529 F.3d 94, 97 (2d Cir. 2008); United States v. Carruth, 528 F.3d 845, 846-47 (11th Cir. 2008) (per curiam); United States v. Pitre, 504 F.3d 657, 662 (7th Cir. 2007).  But cf. United States v. Rausch, 638 F.3d 1296, 1300-01 (10th Cir. 2011) (recognizing "Rule 32.1 . . . does not mention anything about the court addressing the defendant personally," but declining to decide the issue because the defendant failed to establish plain error).

We have previously considered a criminal defendant's right to "an opportunity to" allocute under Rule 32.1(b)(2)(E)—as distinct from a sentencing court's obligation to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).  See Robertson, 537 F.3d at 862.  In Robertson, we observed that "[d]espite this significant textual difference," the courts in Carruth and Pitre "held that the two rules create an identical right to allocution."  Id.  But we "consider[ed] th[o]se decisions suspect because they were based in large part on flawed reasoning" derived from an incorrect interpretation of an outdated version of Rule 32 applied in Green v. United States, 365 U.S. 301, 303 n.1 (1961) (plurality opinion).  Robertson, 537 F.3d at 862 & n.2.

In Robertson, despite registering our doubt about Carruth and Pitre and questioning whether the plain language of Rule 32.1(b)(2)(E) obligates a sentencing court to advise the defendant of his allocution right and invite him to make a statement, we declined to definitively decide the parameters of a defendant's rights under Rule 32.1(b)(2)(E).[2]  See id. at 862.  Instead, we "assume[d] without deciding

---

[2]Regardless of whether Rule 32.1(b)(2)(E) *requires* a sentencing court to take such affirmative steps to advise a defendant personally of his allocution rights, prudence counsels "the better practice in sentencing is to assure the defendant" is aware of his opportunity to allocute and has received "an express opportunity to speak for himself, in addition to anything that his lawyer may have to say."  Green, 365 U.S. at 306 (Stewart, J., concurring); see also United States v. Griggs, 431 F.3d

that the Rule at least requires the district court, at some point during a revocation hearing, to address the defendant personally and make it clear he has a right 'to make a statement and present any information in mitigation.'" Id. (quoting Rule 32.1(b)(2)(E)). We then concluded that even if the Robertson sentencing court "commit[ted] a Rule 32.1(b)(2)(E) error," it "was not plain." Id. at 863; accord Rausch, 638 F.3d at 1301 (declining to decide whether the sentencing court erred in applying Rule 32.1(b)(2)(E) "because it is clear that even if the district court erred, the error d[id] not seriously affect the fairness, integrity, or public reputation of judicial proceedings").

We reach the same result here. Even if we assume (1) the district court erred in failing to address Fleetwood personally and expressly offer him an opportunity to make a statement before imposing his revocation sentence, and (2) such a requirement was "clear or obvious under current law," Fleetwood has not shown any such error "affected his substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings." Hinkeldey, 626 F.3d at 1012.

When given the opportunity to address the district court at the revocation hearing, Fleetwood's counsel did not request a lower sentence, instead only asking that Fleetwood's revocation sentence run concurrently with his state sentence. Fleetwood's counsel acknowledged further supervision was not only "necessary," but that a residential re-entry facility would be "good" to help Fleetwood get "on his feet and get going" upon release. Honoring Fleetwood's requests through counsel, the district court sentenced Fleetwood to a concurrent twelve-month sentence and imposed the statutory minimum five years of supervised release required by 18 U.S.C. § 3583(k)—beginning with residence at a residential re-entry center.

1110, 1114-15 (8th Cir. 2005) (emphasizing—in the absence of reversible error—that a sentencing court could best "protect a defendant's rights and . . . avoid unnecessary appeals" by unambiguously addressing him personally and allowing him to speak and present mitigation evidence before sentencing as required by Rule 32).

Having essentially received the sentence he requested, Fleetwood has failed to present any evidence on appeal "prov[ing] a reasonable probability that he would have received a lighter sentence," Molnar, 590 F.3d at 915, if the district court had asked him to make a personal statement before sentencing. Indeed, beyond a vague reference in his appellate brief to proper punishment, placement, and treatment—subjects thoroughly covered by his counsel at the revocation hearing and reflected in his sentence—Fleetwood fails "to set forth what he would have said to the district court prior to sentencing that might have mitigated his sentence." Rausch, 638 F.3d at 1302; accord United States v. Magwood, 445 F.3d 826, 830 (5th Cir. 2006) (denying relief on plain error review because the defendant failed to "furnish any information about what he would have allocuted to that might have mitigated his sentence" and did "not challenge his sentence," but "simply challenge[d] the facial violation of his right to allocute").

Because Fleetwood has not established plain error, we affirm the sentence and judgment.

MURPHY, Circuit Judge, concurring.

While I concur in the court's opinion, I write separately because I believe it is better practice for a sentencing judge to make it clear to the defendant that he or she has a personal opportunity to make a statement before the imposition of a sentence. Five circuits have adopted such a rule for supervised release sentencing proceedings, reasoning that Federal Rule of Criminal Procedure 32.1(b)(2)(E) "requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence." United States v. Daniels, 760 F.3d 920, 924 (9th Cir. 2014); see United States v. Gonzalez, 529 F.3d 94, 97 (2d Cir. 2008); United States v. Carruth, 528 F.3d 845, 846-47 (11th Cir. 2008) (per curiam); United States v. Pitre, 504 F.3d 657, 662 (7th Cir. 2007).

When a judge addresses a defendant personally and asks if he or she has anything to say before the court acts, that individual is given a clear opportunity to speak. Not only is it a better practice to provide such an opportunity, but experience shows that such a statement can occasionally make a difference in the actual judgment pronounced as opposed to a tentative sentence prepared in advance of the hearing. Such an opportunity to speak "enhanc[es a defendant's] dignity" and "provides offenders the opportunity to contest any disputed factual bases for sentencing and persuade the judge to choose a favored sentence alternative." Daniels, 760 F.3d at 924 (quotation omitted). A statement by the defendant can provide a sentencing judge "more information on which to base its sentence," id., as well as clarify the issues which the district court may want to address. Moreover, such a practice can also aid in review of a sentence on appeal.

Since Fleetwood has not shown plain error in this case, however, I agree that the judgment of the district court should be affirmed.

_____