# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4423

_____

United States of America

*Plaintiff - Appellee*

v.

William Robert Worrels

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 13, 2017
Filed: April 27, 2017
[Unpublished]

_____

Before RILEY, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

While William Worrels was serving a third term of federal supervised release, the district court[1] revoked supervised release and sentenced him to serve 6 months in

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

prison and 29 additional months of supervised release. Worrels appeals, and we affirm.

For reversal, Worrels first argues that the district court erred procedurally by failing to calculate the revocation range in the guidelines. Because no objection was raised below, we review for plain error, see United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009), and we find none, see United States v. Winston, 850 F.3d 377, 380 (8th Cir. 2017) (plain error standard). The record reflects that the district court considered the chapter 7 policy statements in the guidelines, which include the revocation ranges, before it imposed the sentence it determined was warranted. See United States v. Fleetwood, 794 F.3d 1004, 1005 (8th Cir. 2015) (sentencing error is prejudicial only if defendant proves reasonable probability that he would have received lighter sentence but for error); United States v. Hawkins, 375 F.3d 750, 751-52 (8th Cir. 2004) (district courts must consider advisory chapter 7 policy statements when sentencing a defendant whose supervised release has been revoked).

Worrels next argues that the supervised release portion of the revocation sentence is substantively unreasonable because the violations resulted from his struggles with drug addiction. We conclude that the district court did not abuse its discretion in imposing an additional 29 months of supervised release because the court considered valid sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3553(a)(1) (history and characteristics of defendant), (a)(2)(B) (need for sentence to deter criminal conduct); United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (abuse of discretion review); United States v. Zoran, 682 F.3d 1060, 1064-65 (8th Cir. 2012) (where district court emphasized defendant's repeated violation of conditions of supervision, court acted well within its discretion by imposing maximum term of supervised release); United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (district court has wide latitude to assign some § 3553(a) factors greater weight than others in determining appropriate sentence).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____