# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3538

_____

United States of America

*Plaintiff - Appellee*

v.

Shaquandis Thurmond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 15, 2018
Filed: January 29, 2019

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Shaquandis D. Thurmond pled guilty to possessing an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. The district court[1] sentenced him to 35 months' imprisonment and three years of

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

supervised release. After prison, Thurmond violated the conditions of release. The court sentenced him to four months' imprisonment and two years of supervised release. After prison, he again violated the conditions of release. The court sentenced him to 10 months' imprisonment and one year of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

At his second revocation hearing, Thurmond admitted four of the six alleged violations. He contested two—association with gang members, and association with individuals "engaged in criminal activity." The evidence submitted for these violations included pictures of Thurmond with people identified as gang members and criminals, testimony from his probation officer, and testimony from a police officer.

This court reviews "findings of fact as to whether or not a violation occurred for clear error." *United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017). "Clear error exists where, viewing the record as a whole," this court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Cotton*, 861 F.3d 1275, 1277 (8th Cir. 2017).

The district court found Thurmond associated with known gang members. He argues this was error because the court "made no specific finding that Mr. Thurmond had any knowledge that Mr. Willis, Mr. Roby, and Mr. Garner are gang members." At the revocation hearing, a police officer testified that Willis, Roby, and Garner were OT5 gang members. The officer also testified that he and another officer saw Thurmond leave Garner's apartment with Willis, Roby, and another man, Tyran Collins. Inside, police found marijuana, a marijuana scale, and Thurmond's work ID. The government introduced pictures of Thurmond with Roby and Willis flashing

gang signs. Based on this evidence, the court did not clearly err in finding Thurmond associated with known gang members.

The district court also found Thurmond associated with individuals involved in criminal activity. At the revocation hearing, the police officer testified that Thurmond associated with OT5 gang members who were engaged in drug and firearm crimes. The government also introduced pictures of Collins using drugs and holding a firearm. Based on this evidence, the court did not clearly err in finding he associated with individuals involved in criminal activity.

## II.

Thurmond believes the court erred by not allowing him "to speak during allocution regarding his alleged association with gang members." "The denial of the right to presentence allocution is a significant procedural error." *United States v. Hoffman*, 707 F.3d 929, 937 (8th Cir. 2013). Generally, it is reviewed de novo. *United States v. Kaniss*, 150 F.3d 967, 969 (8th Cir. 1998). Where, as here, there is no objection, this court reviews for plain error. *United States v. Fleetwood*, 794 F.3d 1004, 1005 (8th Cir. 2015). Under plain error review, Thurmond "must show: (1) an error; (2) the error is plain; (3) the error affects his substantial rights; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Boman*, 873 F.3d 1035, 1040 (8th Cir. 2017) (internal quotation marks omitted).

At the revocation hearing, the court told Thurmond, "this is the time in the proceeding when you have a chance to speak." Thurmond replied, "Thank you, everybody, for your time for coming here today. I wanted to speak on the gang situation. I know I've been found guilty, but may I—may I please have time to speak on that?" The court responded: "No. You can talk to me about anything else, but I've already made my findings so I really don't care what you have to say about that

-3-

subject." Thurmond did not object but rather provided a lengthy statement (over two transcript pages) on other issues.

Unless waived, a defendant is "entitled to . . . an opportunity to make a statement and present any information in mitigation. **Fed. R. Civ. P. 32.1(b)(2)(E)**. This court need not decide whether the district court erred in applying Rule 32.1(b)(2)(E) because Thurmond "has not shown any such error 'affected his substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings.'" *Fleetwood*, 794 F.3d at 1007, *quoting* ***United States v. Hinkeldey***, 626 F.3d 1010, 1012 (8th Cir. 2010).

Having presided over his initial sentencing and first revocation hearing, the district court was familiar with Thurmond's history and multiple violations of supervised release. Although it denied him the opportunity to allocute on its finding about "the gang situation," it allowed him to speak at length about "anything else." He did not object to this denial at sentencing, nor does he now state what he would have said. He speculates that he "may very well have intended to speak in mitigation" about his association with gang members. However, he does "not furnish any information about what he would have allocuted to that might have mitigated his sentence." ***United States v. Magwood***, 445 F.3d 826, 830 (5th Cir. 2006). In fact, he did not contest the sentence in the district court nor does he now challenge his within-guidelines sentence.

On these facts—a district judge familiar with the defendant, an opportunity to allocute at length about anything but a previous finding, and a failure to state either what would have been said during allocution or how it would have affected the sentence—Thurmond has not shown there is error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***Boman***, 873 F.3d at 1040. *See* ***Hill v. United States***, 368 U.S. 424, 428 (1962) ("[Denial of the right to allocution] is not a fundamental defect which inherently results in a complete

miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."); *United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009) ("[I]f the defendant fails to explain what exactly he or she would have said during allocution that might mitigate the sentence, then the case is one of those 'limited class of cases' in which we will decline to exercise our discretion to correct the error."); *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004) (holding that during allocution, "[d]efendants may address the amount or quality of evidence adduced at trial to explain their role in an offense or the severity of their conduct, but not merely to continue to deny guilt.") (internal citations omitted).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____