# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3200
_____

United States of America

*Plaintiff - Appellee*

v.

Pisanu Sukhtipyaroge

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 11, 2023
Filed: August 14, 2023
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and ARNOLD, Circuit Judges.
_____

PER CURIAM.

Following Pisanu Sukhtipyaroge's violations of the conditions of his supervised release, the district court[1] revoked his supervision and sentenced him to eighteen months' imprisonment to be followed by one year of supervised release. Sukhtipyaroge appeals, arguing that the district court committed procedural errors in imposing his revocation sentence and that his revocation sentence is substantively unreasonable. We affirm.

Sukhtipyaroge sexually and financially exploited A.S.M., a high-school student from the Dominican Republic. He pleaded guilty in 2018 to visa fraud and harboring an alien. See United States v. Sukhtipyaroge, 1 F.4th 603 (8th Cir. 2021) (affirming restitution order). As relevant here, Sukhtipyaroge took sexually explicit photos of A.S.M. and recorded sex acts between him and A.S.M. Law enforcement officers also found text message correspondence on Sukhtipyaroge's cell phone, in which he inquired about recruiting a "poor boy" from Haiti to exploit and sexually abuse in exchange for visa sponsorship, essentially seeking to engage in the same conduct that he had engaged in with A.S.M. A.S.M. testified at an evidentiary and restitution hearing that he had seen Sukhtipyaroge "on his computer talking to other teenagers." Sukhtipyaroge was sentenced to a term of imprisonment to be followed by a three-year term of supervised release.

Sukhtipyaroge was released from prison and commenced supervised release in July 2020. The conditions of release required him to answer his probation officer's questions truthfully and to not possess or use a computer or have access to any online service without prior approval from his probation officer. After receiving a tip that Sukhtipyaroge and his sister were attempting to buy land in Venezuela on which to build an orphanage, his probation officer made an unannounced home visit in August 2022. He found cell phones, computers, laptops, and evidence of a prohibited

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

internet connection. Sukhtipyaroge lied to the probation officer, telling him that the devices belonged to his sister. Sukhtipyaroge later admitted to having possessed internet-capable devices for about a year and a half.

Based on these violations, the court granted the probation officer's petition for an order to show cause why Sukhtipyaroge's release should not be revoked. Prior to the revocation hearing, a magistrate judge modified the conditions of Sukhtipyaroge's release, requiring him to surrender his passport and prohibiting him from obtaining any new passport or foreign travel document.

Sukhtipyaroge admitted during the revocation hearing that he had failed to truthfully answer the probation officer's questions and that he had possessed or used a computer or had access to an online service without prior approval. The district court determined that because those violations were Grade C and Sukhtipyaroge's criminal history category was I, the advisory revocation sentencing range under the U.S. Sentencing Guidelines was three to nine months' imprisonment. See U.S.S.G. § 7B1.4. The court explained, "[B]efore I make any decision about revocation, Mr. Sukhtipyaroge, you have the right to make a statement and present any relevant information." Invited by the court to speak on his client's behalf, defense counsel requested a sentence of time served and continued supervised release. Joining in the request, the government explained that it was satisfied with the passport surrender and continued supervision.

The district court varied upward and imposed an eighteen-month term of imprisonment. After explaining that it had considered the sentencing factors under 18 U.S.C. § 3553(a) and that it had tailored the sentence to the facts and circumstances, the court stated:

-3-

[Y]ou violated the terms of your supervised release and you did so by possessing unauthorized internet devices and providing untruthful information to your probation officer.

And these accusations are particularly concerning given your use of internet communication and the deception that you've engaged in when you committed your criminal offenses and the fact . . . of your apparent motive to access the internet again despite being prohibited from doing so in your underlying offenses.

It's especially important in cases like yours when you not only broke the rules before, but you did so in a manner that endangers others. If you wish to have your freedom, you need to accept responsibility for your actions and the impact of your actions on other people.

The district court denied Sukhtipyaroge's request for self-surrender and his later motion for release pending appeal.

Sukhtipyaroge argues that the district court committed several procedural errors in imposing his revocation sentence. Because he did not object at sentencing, we review them only for plain error. United States v. Fleetwood, 794 F.3d 1004, 1005 (8th Cir. 2015).

Sukhtipyaroge first argues that the district court failed to allow him to allocute. Federal Rule of Criminal Procedure 32.1(b)(2)(E) provides that a person subject to revocation "is entitled to . . . an opportunity to make a statement and present any information in mitigation." We have "assume[d] without deciding that the Rule at least requires the district court, at some point during a revocation hearing, to address the defendant personally and make it clear he has a right 'to make a statement and present any information in mitigation,'" United States v. Robertson, 537 F.3d 859, 862 (8th Cir. 2008), which is precisely what the district court did here. After the court informed Sukhtipyaroge of this right, defense counsel spoke on his client's behalf, explaining that Sukhtipyaroge understood that what he had done was wrong

-4-

and that he had promised to "try and do better in the future." The district court did not commit any clear or obvious error when it did not later invite Sukhtipyaroge to speak, because it appeared that "defense counsel took control of his client's part of the colloquy, which was entirely appropriate." Id. at 863. Moreover, defense counsel did not indicate that Sukhtipyaroge wished to allocute, despite the district court asking whether he had any further objections. "In these circumstances, the issue was forfeited, and [any] error was not plain." Id.

Sukhtipyaroge next argues that the district court based his sentence on the unproven allegation that he was attempting to establish an orphanage in Venezuela. "[A] revocation sentence may not be based on disputed, unproven allegations in the probation officer's reports." United States v. Richey, 758 F.3d 999, 1003 (8th Cir. 2014). The court did not refer to the orphanage allegation, but characterized Sukhtipyaroge's violations as concerning in light of the conduct underlying his convictions and his "apparent motive to access the internet again." Having accepted his guilty plea, presided over a four-day evidentiary hearing, and sentenced him, the district court was well aware that Sukhtipyaroge had used the internet in perpetrating his underlying offenses. The court thus reasonably inferred at revocation sentencing that he intended to use his internet-capable devices to connect to the internet. We do not read the "apparent motive" language as reflecting any reliance by the court on the orphanage allegation, as Sukhtipyaroge contends, or as otherwise presenting any plain procedural error.

Sukhtipyaroge argues that the district court erred in considering the seriousness of his conduct and the need for just punishment under 18 U.S.C. § 3553(a)(2)(A). At revocation, a district court must consider certain § 3553(a) sentencing factors, but § 3553(a)(2)(A) is not among them. See 18 U.S.C. § 3583(e) (modification of conditions or revocation). Sukhtipyaroge concedes that whether a court may consider § 3553(a)(2)(A) at revocation is an open question in our circuit. Accordingly, any error in the district court's consideration of the seriousness of his conduct or the need

-5-

for just punishment was not plain. <u>Fleetwood</u>, 794 F.3d at 1005 (to prevail on plain error review, defendant "must show an error that is clear or obvious under current law" (quoting <u>United States v. Hinkeldey</u>, 626 F.3d 1010, 1012 (8th Cir. 2010)). We likewise reject the argument that the district court failed to adequately explain the upward variance. The court's explanation satisfies us that it had "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007).

Sukhtipyaroge challenges the substantive reasonableness of his revocation sentence, an issue we review for abuse of discretion. <u>United States v. McGhee</u>, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam). Sukhtipyaroge argues that the district court failed to adequately consider his age, his ill health, and his prompt admission to the violations, as well as the parties' agreement that additional supervision alone would adequately address the violations. Against these mitigating factors, the district court weighed the following considerations: that Sukhtipyaroge used internet-capable devices, text messaging, and other digital technology to commit his original offenses; that he acquired cell phones and computers without prior approval; and that he lied to his probation officer. The district court did not abuse its discretion in concluding that Sukhtipyaroge's history and characteristics, as well as the need to protect the public, outweighed any mitigating factors. <u>See</u> <u>United States v. King</u>, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (cleaned up)). We thus conclude that Sukhtipyaroge's revocation sentence is not substantively unreasonable.

The judgment is affirmed.

_____