# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3286

_____

United States of America

*Plaintiff - Appellee*

v.

Cristobal Palomerez-Heredia, also known as Christobal Palomerez-Heredia, also known as Christobal Palmerez-Heredia, also known as Cristobal Heredia Palomares, also known as Cristogal Heredia, also known as Cristobal Heredia Palomeria, also known as Cristobal Heredia Palomerez, also known as Cristobal Heredia Palmoerez, also known as Cristobal Heredia-Palmoerez, also known as Cristobal Palomeres-Heredia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 25, 2025
Filed: April 30, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Cristobal Palomerez-Heredia appeals after this court affirmed his sentence and remanded to the district court[1] solely for consideration of his standard conditions of supervised release.  See United States v. Palomerez-Heredia, No. 23-2160, 2024 WL 2316652, at *3 (8th Cir. May 22, 2024) (unpublished per curiam).  His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable and that he was denied his right to allocution on remand.

Upon careful review, we conclude that Palomerez-Heredia was not entitled to a lower sentence because we had already affirmed his sentence and had remanded for a very limited reason.  See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (explaining that all issues decided by appellate court become law of the case, and, on remand, district court must adhere to any limitations imposed by appellate court). Further, even assuming that he had a right to allocution on remand, he has not presented any information about what he would have said that might have changed the outcome.  See United States v. Thurmond, 914 F.3d 612, 614-15 (8th Cir. 2019) (reviewing for plain error when defendant did not object to being denied right to allocution).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

————————————————

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.