United States Court of Appeals

For the Eighth Circuit

_____

No. 25-1608
_____

United States of America

*Plaintiff - Appellee*

v.

Deral Dwain Plunk

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: March 19, 2026
Filed: April 14, 2026
[Unpublished]
_____

Before SMITH, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Deral Dwain Plunk appeals after the district court[1] revoked his supervised release and sentenced him to 24 months in prison. He argues that the district court

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

should have dismissed his revocation petition because the revocation hearing was not held within a "reasonable time," as required by Federal Rule of Criminal Procedure 32.1(b)(2). He alternatively argues that the sentence was procedurally erroneous and substantively unreasonable.

Plunk did not raise a Rule 32.1(b)(2) challenge in the district court, so we review the issue for plain error, and we conclude that any error was not clear or obvious under current law. See United States v. Napper, 978 F.3d 118, 126-27 (5th Cir. 2020); cf. United States v. Fleetwood, 794 F.3d 1004, 1005-07 (8th Cir. 2015). This court has not adopted a bright-line rule for how long authorities may delay revocation proceedings due to ongoing state proceedings, see United States v. Blunt, 680 F.2d 1216, 1219 (8th Cir. 1982) (holding that delayed revocation was reasonable under the circumstances), and has concluded that "Rule 32.1 exists to protect the probationer from undue federal incarceration," United States v. Pardue, 363 F.3d 695, 697 (8th Cir. 2004) (holding that "[b]ecause of defendant's pending state charges, no undue federal incarceration occurred"). Other courts, moreover, have consistently concluded that lapses similar to the one at issue here do not violate Rule 32.1(b)(2), when the delay resulted from pending state charges related to the alleged revocation violations. See, e.g., Napper, 978 F.3d at 126-28 (delay of 5 and one-half years). In any event, Plunk does not argue that any delay prejudiced him. See Fleetwood, 794 F.3d at 1005 (stating an error is prejudicial only if defendant proves a reasonable probability that he would have received a lighter sentence but for the error); United States v. Torres-Santana, 991 F.3d 257, 264 & n.7 (1st Cir. 2021) (defendant must show delay was both unreasonable and prejudicial); cf. Kartman v. Parratt, 535 F.2d 450, 455-56 (8th Cir. 1976) (rejecting claim based on delay in parole revocation hearing when defendant did not allege prejudice).

We further conclude that Plunk has failed to show that any procedural error in the revocation decision "affected his substantial rights." United States v. Fleetwood, 794 F.3d 1004, 1007 (8th Cir. 2015) (requiring proof of "a reasonable probability that

he would have received a lighter sentence" without the error (citations omitted)). The record also shows that the court, which had presided over Plunk's original sentencing, sufficiently considered the statutory sentencing factors. See 18 U.S.C. §§ 3553, 3583(e)(3); United States v. Beckwith, 57 F.4th 630, 633 (8th Cir. 2023) (per curiam) (presuming district court considered § 3553(a) factors argued by counsel at revocation hearing); United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008) (presuming district judges know and understand their obligation to consider sentencing factors); United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008) (considering the entire record). Finally, Plunk has not rebutted the presumption that his 24-month revocation sentence is substantively reasonable because--irrespective of the leniency that he received with his original sentence, and the time he served in state prison--his supervised-release violations represented a significant breach of trust. See Perkins, 526 F.3d at 1110; United States v. Starr, 111 F.4th 877, 878, 880 (8th Cir. 2024) (reviewing the reasonableness of a revocation sentence for an abuse of discretion); see also United States v. Wooten, 167 F.4th 490, 493 (8th Cir. 2026).

Accordingly, we affirm the judgment of the district court.

_____