# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3042
_____

United States of America

*Plaintiff - Appellee*

v.

Shane C. Hyde

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 9, 2026
Filed: June 12, 2026
[Unpublished]
_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Shane Hyde appeals the sentence imposed by the district court[1] after he pleaded guilty to a firearm offense. His counsel has moved for leave to withdraw, and has

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence and the sufficiency of the allocution time given to Hyde during sentencing.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard; discussing substantive reasonableness); <u>United States v. Mangum</u>, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented); <u>United States v. Farmer</u>, 647 F.3d 1175, 1179 (8th Cir. 2011) (simply because district court weighed relevant factors more heavily than defendant preferred does not mean it abused discretion); <u>United States v. Anderson</u>, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude to weigh 18 U.S.C. § 3553(a) factors and to assign some factors greater weight than others). Further, he has not presented any information about what he would have said during allocution that might have changed the outcome. <u>See</u> <u>United States v. Thurmond</u>, 914 F.3d 612, 614-15 (8th Cir. 2019) (reviewing for plain error when defendant did not object to being denied right to allocution; concluding defendant failed to show serious error affecting proceedings when he did not specify what he would have said in allocution that might have mitigated his sentence).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____